**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

In re:

A.L. DAMMAN CO.,

    Debtor,

_____/      CIVIL CASE NO. 07-13172
                                             HON. MARIANNE O. BATTANI
CHARLES L. WELLS, III, TRUSTEE,

    Plaintiff/Appellee,

v.

GEORGE UNITED, LLC, d/b/a
UNITED HARDWARE,

    Defendant/Appellant..

_____/

**OPINION AND ORDER AFFIRMING
THE BANKRUPTCY COURT'S JULY 17, 2007, ORDER**

Before the Court is George United, LLC's Appeal of the Bankruptcy Court Order Granting Plaintiff's Motion for Summary Judgment (Doc. No. 1). The Court has reviewed the pleadings, and finds oral argument would not aid in the resolution of this motion. See E.D. Mich. LR 7.1(e)(2). For the reasons the follow, the order is **AFFIRMED.**

**I.    PROCEDURAL HISTORY**

On December 29, 2005, an involuntary chapter 7 bankruptcy petition was filed against A. L. Damman Co. (the "Debtor" or "Damman"). Charles L. Wells, III ("Plaintiff") was appointed the trustee of the Debtor's estate. Thereafter, Plaintiff filed a Complaint to Avoid and Recover Preferential Transfers (consisting of one $10,000.00 payment) pursuant to 11 U.S.C. §§547 and 550 against George United, LLC (d/b/a United Hardware) ("Defendant" or "George United").

Plaintiff subsequently amended the complaint, adding a count to avoid, pursuant to 11 U.S.C. §§549 and 550, three unauthorized post-petition transfers Debtor made to Defendant, totaling $13,683.43.

The facts underlying the dispute are uncontested. Defendant purchased a hardware store from Debtor in November 2005. After Defendant purchased the store, it reached a verbal agreement with Debtor to use Debtor's credit card processing machine. Thereafter, credit card receipts generated by sales at Defendant's store were deposited into Debtor's "Blocked Accounts" at LaSalle Bank Midwest NA (LaSalle). Pl.'s Ex. C. Debtor transferred funds into other accounts it had at LaSalle. In addition to a $10,000 prepetition payment, Debtor made post-petition payments to Defendant from its Payables Account in the amount of $5,000 in December 2005; $6,000 in January 2006; and issued a check in the amount of $2,683.43 on February 15, 2006. Pl.'s Ex. F.

The Honorable Steven W. Rhodes granted summary judgment to Plaintiff and ordered Defendant to remit $23,683.43 to the Trustee. The bankruptcy judge ruled that each of the elements of a preference were met as to the first transfer and each of the elements for an unauthorized post-petition transfer were met as to the final three transfers. See Bankr. Tr. at 17. The bankruptcy court's decision is based on several factors.

First and foremost, George United failed to answer Plaintiff's request for admissions. Consequently, the following facts are admitted. Defendant was a creditor of the Damman at the time of each transfer. Defendant received each transfer, and each transfer was made on account of an antecedent debt. Each transfer was of an interest of the Debtor in property, and each transfer was within 90 days of the Petition Date or during the Gap Period. Each transfer allowed

2

George United to receive more than it would have received if the transfer had not been made, if the Debtor's case was filed under chapter 7, and Defendant had received payment to the extent allowed under the hypothetical chapter 7 case. The wire deposits into the Damman's account by the credit card processor were not identified to Defendant's sales. The deposits were under Debtor's sole control. After Damman received the deposits it owed a debt to Defendant. Electronic funds are fungible. George United did not give new value to, or for the benefit of, the Debtor subsequent to the transfers or in exchange for and contemporaneous with the transfers. The bankruptcy court did not authorize the gap transfers. Defendant had no right of setoff, and the transfers were not funds "earmarked" for it.

In addition to these admissions, the bankruptcy court rejected Defendant's contention that the property was the subject of a trust and therefore not part of the estate. The bankruptcy court concluded that the record "overwhelmingly establishes that all payments were made on account of an antecedent debt owed by the Debtor to the Defendant on account of the credit card processing agreement that they previously entered into." Bankr. Tr., at 14.

## II. STANDARD OF REVIEW

In bankruptcy cases, the district court is required to review the bankruptcy court's legal conclusions *de novo* and review factual questions on a clearly erroneous standard. In re Burns, 322 F.3d 421, 425 (6th Cir. 2003).

## III. ANALYSIS

The sole issue presented on appeal is whether the bankruptcy court erred in holding the property at issue here was part of the estate. Defendant argues that the admissions are immaterial because the funds it received from Damman constituted property held in trust from

Defendant. It concludes that there is no basis in law or equity for Damman to keep the credit card payments made for merchandise George United sold.

The commencement of a bankruptcy case creates an estate that "is comprised of all the following property, wherever located and by whomever held: (1) . . . all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(1).

"Nowhere in the Bankruptcy Code does it say, 'property held by the debtor subject to a constructive trust is excluded from the debtor's estate.'" In re OmegasGroup, Inc., 16 F.3d 1443, 1448 (6th Cir. 1993) (reversing the bankruptcy court's imposition of a constructive trust for the benefit of a creditor over assets a debtor had allegedly acquired from the creditor through fraudulent means). Nevertheless, property held in trust falls outside the bankruptcy estate. In re Clemons, 472 F.2d 939 (6th Cir. 1990). Because property interests are created and defined by state law, Butner v. United States, 440 U.S. 48, 55 (1979), Michigan law relative to trusts governs the characterization of the property at issue.

Defendant does not contest the bankruptcy court's finding that an express trust does not exist. It takes issue with the bankruptcy court's finding that neither a resulting or constructive trust exists.

A constructive trust is an equitable remedy which "may be imposed when property 'has been obtained through fraud, misrepresentation, concealment, undue influence, duress, taking advantage of one's weakness, or necessities, or any other similar circumstances which render it unconscionable for the holder of the legal title to retain and enjoy the property." ' Kammer Asphalt Paving Co., Inc. v. East China Township Sch., 504 N.W.2d 635 (Mich. 1993) (quoting Potter v. Lindsay, 60 N.W.2d 133 (Mich. 1953)); Racho v. Beach, 236 N.W. 875 (Mich. 1931).

4

A constructive trust "may not be imposed upon parties 'who have in no way contributed to the reasons for imposing a constructive trust."' Kammer, supra, quoting Ooley v. Collins, 73 N.W.2d 464 (Mich. 1955). Similarly,

> A resulting trust arises where a person makes or causes to be made a disposition of property under circumstances which raise an inference that he does not intend that the person taking or holding the property should have the beneficial interest therein and where the inference is not rebutted and the beneficial interest is not otherwise disposed of. Since the person who holds the property is not entitled to the beneficial interest, and since the beneficial interest is not otherwise disposed of, it springs back or results to the person who made the disposition or to his estate, and the person holding the property holding it upon a resulting trust for him or his estate.

Potter v. Lindsey, 60 N.W. 2d 133 (Mich. 1953), citing RESTATEMENT OF LAW OF TRUSTS, Vol. II, pp. 1244-1245.

Defendant relies on In re Clemons, 472 F.2d 939 (6th Cir. 1990), to support its position that the funds it received are not part of the estate. In that case, the court applied Ohio law and imposed a resulting trust for the debtor's mother, who made a down payment on real estate, made the mortgage payments, and maintained the property, although the debtor, as a consigner on the loan, was named on the deed. The court recognized that the debtor's mother did not intend to make a gratuitous transfer of a one-half interest in the property to her son. According to George United, the situation here is analogous. It asserts that in this case, the credit card funds were property transferred from the credit card companies to Dannan. The purpose of the funds was for the beneficial interest to be paid to George United. Damman was never supposed to get the benefit. Therefore, proceeds paid to Damman were held in a resulting trust.

In rejecting Defendant's position, the bankruptcy court noted at the outset that the Debtor did not engage in any fraudulent conduct. Under Michigan law,

5

> Constructive trusts do not arise by agreement or from intention, but by operation of law; and fraud, active or constructive is their essential element. Actual fraud is not necessary, but such a trust will arise whenever the circumstances under which property was acquired make it inequitable that it should be retained by him who holds the legal title.

Kent v. Klein, 91 N.W.3d 11 (Mich. 1958) (citation omitted) (upholding the trial court's determination that a constructive trust existed). Although the cited language suggests that fraud is not a necessary basis for imposing a constructive trust, the bankruptcy court concluded, "Wrongdoing is implicit in the imposition of a constructive trust. It is a remedy for fraudulent conduct." Hearing Tr., at 14. Moreover, Defendant has cited no Michigan authority imposing a trust in the absence of wrongdoing.

Finally, as noted by the Sixth Circuit in addressing a creditor's claim that a debtor had swindled it out of $1.1 million by failing to reveal that its financial difficulties might prevent it from carrying out its end of a business deal, "Constructive trusts are anathema to the equities of bankruptcy since they take from the estate, and thus directly from competing creditors, not from the offending debtor." In re Omegas Group, 16 F3d 1443, 1452 (6th Cir. 1994). Because asset distribution in a bankruptcy case requires identification of assets and liabilities at the time of its commencement, "a claim filed in bankruptcy court asserting rights to certain assets 'held' in 'constructive trust' for the claimant is nothing more than that: a claim." Id. In the absence of a prior court order imposing a constructive trust, or other exceptions not applicable here, "the claimant cannot properly represent to the bankruptcy court that he was, at the time of the commencement of the case, a beneficiary of a constructive trust held by the debtor." Id. "The reluctance of Bankruptcy Courts to impose constructive trusts without a substantial reason to do so stems from the recognition that each unsecured creditor desires to have his particular

claim elevated above the others. Imposition of a constructive trust clearly thwarts the policy of ratable distribution and should not be impressed cavalierly." In re Omegas, 16 F.3d at 1451 (citation omitted).

Even if the bankruptcy court had found a constructive trust should be imposed, Defendant's claim suffers an additional impediment. A constructive trust cannot be enforced in bankruptcy unless it attaches to traceable proceeds. In re Atlantic Mortgage Co. (McTevia v. Adama), 69 Bankr. 321, 329 (E.D. Mich. 1987). The Asset Purchase Agreement, which was attached to Plaintiff's Motion for Summary Judgment (6, Exhibit B) does not mention credit card transactions subsequent to closing at all. The only evidence of an agreement between the Debtor and Defendant is the actual transfers themselves. No documentary evidence exists. The transfers were not relegated to a separate account, and the funds were mingled with other funds, transferred to other accounts, and used by the Debtor to pay other parties. The funds here cannot be traced.

## IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the bankruptcy court's order of July 17, 2006, shall be and hereby is **AFFIRMED.**

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: 1/09/08

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon counsel of record on this date by ordinary mail and electronic filing.

s/Colette Motowski
Secretary
